UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| MARYJANE E. MENDOZA, <br><br> Plaintiff, <br><br> v. <br><br> FIRST NATIONAL COLLECTION BUREAU, INC., <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 3:23-cv-00340 <br><br> DEMAND FOR JURY TRIAL |

**COMPLAINT**

**NOW COMES,** Maryjane E. Mendoza ("Plaintiff"), by and through the undersigned attorneys, complaining as to the conduct of First National Collection Bureau, Inc. ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA"), pursuant to 15 U.S.C. §1692 *et seq.*, the Texas Debt Collection Act ("TDCA"), pursuant to Tex. Fin. Code Ann. § 392 *et seq.* and a state law cause of action for breach of contract for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, Regulation F, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. The Court has supplemental jurisdiction over the state law TDCA claim under 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Texas, Plaintiff resides in the Southern District of Texas, and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Texas.

## PARTIES

5. Plaintiff is a natural person over, 18-years-of-age, and is a "consumer" as the term is defined by 15 U.S.C §1692a(3).

6. Defendant is a third party debt collector with its principal place of business at 50 West Liberty Street, Suite 250, Reno, Nevada 89501. Defendant's principal business purpose is the collection of defaulted debts owed to others. Defendant engages in collection activities in several different states, including the State of Texas.

## FACTS SUPPORTING CAUSES OF ACTION

7. Prior to the events giving rise to this action, Plaintiff obtained a line of credit with Citi Bank opened through retailer Sears ("subject debt").

8. LVNV Funding LLC eventually purchased the subject debt.

9. Sometime thereafter, Defendant obtained the rights to collect the subject debt.

10. On July 14, 2023, Defendant began emailing Plaintiff's cousin, Marcos Gomez at his personal email address Marcosgomez21@me.com in an attempt to collect the subject debt.

11. At no point in time did Plaintiff authorize Defendant to communicate with her cousin regarding the subject debt.

12. Defendant conveyed the following information to a third party without Plaintiff's prior consent:

   i. Plaintiff's status as a delinquent debtor;

    ii.  the amount of the subject debt; and

    iii.  Private information concerning Plaintiff.

  13.  Plaintiff was surprised to learn that the subject debt being collected by Defendant was paid and closed out many years ago.

  14.  Upon information and belief, Plaintiff is not financially responsible for the subject debt.

  15.  On July 27, 2023, Defendant sent a second collection email to Plaintiff's cousin attempting to collect the subject debt.

  16.  Plaintiff had become increasingly frustrated by Defendant and its failure to properly communicate with the correct party regarding the subject debt.

  17.  Plaintiff felt extremely worried that Defendant would continue to disclose her subject debt to other third parties without her prior consent.

  18.  Defendant's misleading conduct has severely disrupted Plaintiff's daily life and general well-being as Plaintiff constantly feared serious consequences.

  19.  Concerned about the violations of her rights, Plaintiff was forced to seek the assistance of counsel to file this action to prevent Defendant from further deception in the future, thus incurring costs and expenses.

## DAMAGES

  20.  By communicating with a prohibited third party, Defendant invaded Plaintiff's privacy as information regarding one's financial affairs is highly private and should be protected from disclosure to unauthorized third parties.

  21.  Defendant's willful dissemination of Plaintiff's private information is the precise conduct the FDCPA and other privacy protection statutes were designed to deter and punish.

22. At no point in time did Plaintiff authorize Defendant to communicate with Plaintiff's cousin or otherwise disseminate Plaintiff's highly private information.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff restates and realleges paragraphs 1 through 22 as though fully set forth herein.

24. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

25. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of defaulted debts owed to others and it regularly collects debts and uses the electronic mail and/or the telephones to collect delinquent accounts owed to a third party.

26. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

27. The subject debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

28. Defendant used the phone and mail to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

29. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

30. Defendant violated 15 U.S.C. §§1692c(b), d, e, e(2), e(10), and f through its unlawful debt collection practices on debts that never belonged to Plaintiff.

   a. **Violations of FDCPA § 1692c(b)**

31. As set forth above, the FDCPA prohibits debt collectors from communicating with unauthorized third parties in connection with the collection of a debt.

32. Defendant violated §1692c(b) of the FDCPA by communicating with Plaintiff's cousin in connection with the collection of the subject debt without Plaintiff's consent.

### b. Violations of FDCPA § 1692d

33. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d

34. Defendant violated §§ 1692d by engaging abusive collection practices in order to collect a subject debt not owed by Plaintiff.

35. Defendant's collection efforts against Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff as Defendant knew that it was attempting to collect a debt from someone who did not owe the subject for the sole purpose of harassing Plaintiff into submission.

### c. Violation of FDCPA § 1692e

36. Defendant violated §1692e and e(10) when it used false, misleading, and deceptive means to collect and/or attempt to collect the subject debt from Plaintiff. Despite paying off and closing the subject debt many years ago, Defendant continued its deceptive collection practices to collect a debt not owed, including communicating with a third party without prior consent.

37. Moreover, through its conduct, Defendant misleadingly represented to Plaintiff that it had the right to continue to communicate with Plaintiff's cousin in an attempt to dragoon a payment on the subject debt not owed.

**d. Violations of FDCPA § 1692f**

38. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on the subject debt by continuously contacting Plaintiff's cousin with prior consent and disclosed sensitive information regarding Plaintiff's subject debt.

39. Moreover, the subject debt was not owed by Plaintiff at the time Defendant demanded payment, as the subject debt was paid and closed many years ago.

40. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt not owed through incessant harassing means.

41. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

42. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff, MARYJANE E. MENDOZA, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Enjoining Defendant from further communicating with Plaintiff;

d. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

e. Award any other relief as the Honorable Court deems just and proper.

**COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT**

43. Plaintiff restates and realleges paragraphs 1 through 42 as though fully set forth herein.

44. Section 392.304(19) of the Texas Finance Code states that, "…...a debt collector may not use fraudulent, deceptive, or misleading representation that employs…..using any false representation or deceptive means to collect a debt or obtain information concerning a consumer." Tex. Fin. Code Ann. § 392.302(19).

45. Defendant violated Tex. Fin. Code Ann. § 392.302(19) by contacting Plaintiff's cousin and revealing Plaintiff's status as a debtor, and the subject debt.

46. At no point in time did Plaintiff wish for her cousin to be contacted about her financial situation as she was trying to keep this confidential. The unauthorized disclosures made to her cousin have severely disturbed Plaintiff's well-being.

47. As pled above, Plaintiff was severely harmed by Defendant's abusive collection practices.

**WHEREFORE**, Plaintiff, MARYJANE E. MENDOZA, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Finding that Defendant violated Tex. Fin. Code Ann. §§ 392.302(19);

b. Enjoining Defendant from further contact with Plaintiff pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Awarding Plaintiff actual damages in an amount to be determined at trial, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Awarding Plaintiff her reasonable attorney's fees and costs in an amount to be determined at trial, pursuant to Tex. Fin. Code Ann. § 392.403(b); and

e.  Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: October 13, 2023                                                  Respectfully Submitted,

/s/ Marwan R. Daher
Marwan R. Daher, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com